Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| MARÍA DE LOURDES PEREIRA BABILONIA<br><br>Recurrida<br><br>v.<br><br>DAISY ESPINET CABRERA ISABELA, LA TRATTORIA CORP.<br><br>Peticionaria | KLCE202201196 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Caguas<br><br>Caso Núm.: CG2021CV01701<br><br>Sobre: Acción Resolutoria, Daños, Ley de Corporaciones |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparecen Daisy Espinet Cabrera (señora Espinet Cabrera) y el restaurante Isabela La Trattoria, Corp. (en conjunto, parte peticionaria), mediante recurso de *certiorari* y solicitan nuestra intervención para que revoquemos la *Minuta* del 24 de agosto de 2022, y las *Órdenes* del 30 de septiembre de 2022 y 12 de octubre de 2022, respectivamente[1], que emitió el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario)[2].

Por los fundamentos que expondremos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción por prematuro en cuanto a la *Minuta* del 24 de agosto de 2022 y la *Orden* del 12 de octubre de 2022. En relación con la *Orden* del 30 de

---

[1] La *Minuta* fue notificada y archivada en autos el 29 de agosto de 2022, véase Entrada Núm. 99 del SUMAC. La *Orden* del 30 de septiembre de 2022, fue notificada y archivada en autos en la misma fecha, véase Entrada Núm. 132 del SUMAC. La *Orden* del 12 de octubre de 2022, fue notificada y archivada en autos en la misma fecha, véase Entrada Núm. 142 del SUMAC.
[2] Nuestro Tribunal Supremo determinó en *Silva Barreto v. Tejada Martell,* 199 DPR 311 (2017) que se permite acumular en un mismo recurso apelativo varias determinaciones emitidas en el mismo caso, condicionado a que el recurso se presente oportunamente en alzada.

Número Identificador
SEN2022_____

septiembre de 2022, expedimos el recurso de *certiorari* y confirmamos la determinación recurrida.

**I.**

El 15 de julio de 2021, la señora María de Lourdes Pereira Babilonia (señora Pereira Babilonia o parte recurrida), presentó *Demanda*[3] sobre acción resolutoria, daños y perjuicios y una causa de acción al amparo de la Ley de Corporaciones. Alegó que la señora Espinet Cabrera y la señora Pereira Babilonia son accionistas de Isabela La Trattoria, Corp., cada una con un cincuenta por ciento (50%) de participación en las acciones corporativas. Asimismo, la parte recurrida arguyó que, desde el 17 de febrero de 2021, la señora Espinet Cabrera ha realizado compras, desembolso y retiros de la cuenta operacional de Isabela La Trattoria, Corp. y ha otorgado contratos con terceros sin contar con la aprobación de la señora Pereira Babilonia, quien es accionista igualitaria.

Luego de solicitar prórroga, el 29 de septiembre de 2021, la señora Espinet Cabrera, sin someterse a la jurisdicción, presentó su *Contestación a Demanda y Reconvención*[4].

Posteriormente, el 26 de enero de 2022, la parte recurrida cursó a la parte peticionaria el *Primer Pliego de Interrogatorio, Requerimiento de Admisiones y Producción de Documentos*[5]. En esta misma fecha, la parte peticionaria presentó una *Moción de Prórroga*. El TPI le concedió a la parte peticionaria una prórroga de veinte (20) días para proveer la información solicitada por la parte recurrida.

El 1 de abril de 2022, la parte peticionaria notificó la *Contestación a Primer Interrogatorio y Requerimiento de Admisiones y Producción de Documentos*[6]. Inconforme, el 19 de mayo de 2022, la parte recurrida presentó una *Moción Objetando las*

---

[3] Véase Apéndice 1 del recurso de *Certiorari.*
[4] Véase Apéndice 2 del recurso de *Certiorari.*
[5] Véase Apéndice I de la *Oposición a Certiorari.*
[6] Véase Apéndice VII de la *Oposición a Certiorari.*

*Contestaciones*[7] ofrecidas por la parte recurrente. El 24 de mayo de 2022, el TPI emitió una *Orden,* en la que dispuso: *"Enterado. Exponga su posición la parte demanda en el periodo de 5 días perentorios, so pena de conceder lo solicitado"*[8]. El 3 de junio de 2022, la parte peticionaria solicitó veinte (20) días para cumplir la orden[9].

El 4 de junio de 2022, la parte peticionaria presentó un escrito intitulado *Moción informando incumplimiento de la demandada con la orden del Tribunal en solicitud de otras órdenes en oposición a prórroga solicitada por demandada*[10]. Ante ello, el TPI emitió una *Orden*[11] en la que concedió una prórroga de quince (15) días para el cumplimiento de la orden previamente emitida. El 20 de julio de 2022, la parte peticionaria presentó *Moción en cumplimiento de Orden; informativa sobre error de envío incompleto de prueba documental y sobre otros extremos*[12].

El 3 de agosto de 2022[13] el TPI celebró una vista procesal. Según surge de la *Minuta,* a la vista compareció la Lcda. Maribel Vidal Valdés en representación de la parte recurrida; la parte peticionaria no compareció ni su representación legal, Lcdo. Nelson Rivera Cabrera. Ante dicha incomparecencia, la vista se recalendarizó para el 24 de agosto de 2022. A su vez, el TPI impuso una sanción de $300.00 dólares al representante legal de la parte peticionaria por el reiterado incumplimiento, tanto al descubrimiento de prueba como a las órdenes del tribunal. El 11 de agosto de 2022 se transcribió la Minuta, la cual no fue firmada por

---

[7] Véase Apéndice VIII de la *Oposición a Certiorari.*
[8] Véase Apéndice IX de la *Oposición a Certiorari.*
[9] Véase Apéndice X de la *Oposición a Certiorari.*
[10] Véase Apéndice XI de la *Oposición a Certiorari.*
[11] Véase Apéndice XII de la *Oposición a Certiorari.*
[12] Véase Apéndice XIV de la *Oposición a Certiorari.*
[13] El 17 de junio de 2022, el TPI notificó a las partes del señalamiento. Véase, Entrada Núm. 45 del SUMAC.

la jueza del TPI y así se notificó a los representantes legales de las partes[14].

El 24 de agosto de 2022 se celebró Vista Sobre el Estado de los Procedimientos. Nuevamente, surge de la *Minuta* que la Lcda. Maribel Vidal Valdés compareció en representación de la parte recurrida, pero no compareció la parte peticionaria ni el Lcdo. Nelson Rivera Cabrera. En esta ocasión, el TPI impuso $3,000 de sanciones a favor de la parte recurrida a ser resarcidos en el período de diez (10) días perentorios, so pena de mayores sanciones. El 29 de agosto de 2022 se transcribió la Minuta, la cual no fue firmada por la jueza del TPI y así se notificó a todas las partes, incluyendo a la parte peticionaria[15].

El 2 de septiembre de 2022, la parte peticionaria presentó *Moción Solicitando Reconsideración Parcial de Orden*[16]. En su escrito, solicitó la reconsideración parcial en cuanto a la cuantía de la sanción impuesta por la incomparecencia de su representación legal a la vista señalada para el 24 de agosto de 2022. El 7 de septiembre de 2022, el TPI emitió una *Orden*[17] en la que ordenó a la parte recurrida exponer su posición en relación con la moción de reconsideración de cuantía de sanción.

El 8 de septiembre de 2022, la señora Espinet Cabrera presentó *Moción por derecho propio*[18] en la cual alegó lo siguiente:

> Traigo a la atención del Honorable Tribunal, mi preocupación ante el hecho de que quien es mi representante legal a la cual se le pagó y aún no ha concluido el asunto sea quien me está demandado. La demandante a quien representa la Lcda. Vidal fue mi pareja sentimental, la también Lcda. María de Lourdes Pereira Babilonia. Siendo la Lcda. Vidal mi representante legal en gestiones de cobro aun inconclusas me preocupa granadamente el que tiene mi información personal en su totalidad.
>
> Respetuosamente solicito al Honorable Tribunal tome las medidas pertinentes en ese asunto o me indique que

---

[14] Véase Entrada Núm. 98 del SUMAC.
[15] Véase Entrada Núm. 99 del SUMAC.
[16] Véase Apéndice XIX de la *Oposición a Certiorari.*
[17] Véase Apéndice XX, XXI-A de la *Oposición a Certiorari.*
[18] Véase Apéndice XXIV de la *Oposición a Certiorari.*

medidas puedo tomar. (Se anejan el contrato entre la parte recurrente y la Lcda. Vidal Valdés).

El 8 de septiembre de 2022, notificada el 12 de septiembre de 2022, el TPI emitió una *Orden*[19] a la parte recurrida para que en el término de diez (10) se expresara sobre la *Moción por Derecho Propio* presentada por la parte peticionaria. Luego de solicitar prórroga, la parte recurrida presentó *Réplica y Oposición Respecto a Moción por Derecho Propio radicada por Daisy Espinet Cabrera-Demandada*[20]. El 12 de octubre de 2022, el TPI emitió y notificó una Orden en la que dispuso: "enterado"[21].

Inconforme, el 15 de septiembre de 2022, la parte recurrida presentó la *Urgente moción de reconsideración en cuanto a negativa de modificar órdenes de descubrimiento de prueba a terceros*[22]. El 29 de septiembre de 2022, la parte recurrida presentó la *Moción en Cumplimiento de Orden y Replicando "Moción en solicitud de Orden a la parte Demandante para que cumpla con su deber de firmar cheques a tiempo, urgente moción en solicitud de Orden dirigida a los suplidores para que no afecten las operaciones del restaurante...*[23]. El 30 de septiembre de 2022, el TPI emitió y notificó una *Orden*[24] en la que dispuso lo siguiente: *"Enterado, se ordena a la parte demandada proceda con el cumplimiento del trámite, conforme a derecho".*

Aún inconforme, el 31 de octubre de 2022, la parte peticionaria presentó el recurso de epígrafe en el cual imputa al TPI los siguientes señalamientos de error:

> **PRIMERO**: EL HONORABLE TPI, SALA DE CAGUAS AL IMPONER SANCIONES ECONÓMICAS ASCENDENTES A $3,000.00 POR ALEGADO INCUMPLIMIENTO CON EL DEBER DE DESCUBRIR PRUEBA CUANDO LOS INTERROGATORIOS FUERON CONTESTADOS, LAS CONTESTACIONES SUPLEMENTADAS, COPIOSA PRUEBA DOCUMENTAL PRODUCIDA Y LA RESTANTE PUESTA A LA DISPOSICIÓN DE LA PARTE DEMANDANTE, QUIEN ES ACCIONISTA EN UN 50% DE

---

[19] Véase, Entrada Núm. 120 del SUMAC.
[20] Véase, Entrada Núm. 137 del SUMAC.
[21] Véase Apéndice X del recurso de *Certiorari.*
[22] Véase Apéndice XXII de la *Oposición a Certiorari.*
[23] Véase Apéndice XXIII de la Oposición a *Certiorari.*
[24] Véase Entrada Núm. 132 del SUMAC.

LA CORPORACIÓN TIENE PLENO ACCESO A LAS FACILIDADES DE LA CORPORACIÓN Y A LOS DOCUMENTOS EN ELLOS CONTENIDOS.

**SEGUNDO**: COMETIÓ MANIFIESTO ERROR DE DERECHO EL HONORABLE TRIBUNAL *A QUO* AL NO CONSIDERAR Y RESOLVER COMO CUESTIÓN DE UMBRAL UN PLANTEAMIENTO DE IMPUGNACIÓN DE CAPACIDAD DE LA REPRESENTACIÓN LEGAL DE LA PARTE DEMANDANTE PARA CONTINUAR REPRESENTADO A DICHA PARTE CUANDO SU REPRESENTACIÓN LEGAL LO ES TAMBIÉN DE LA PARTE CODEMANDADA, SRA. DAISY ESPINET CABRERA.

**TERCERO**: COMETIÓ MANIFIESTO ERROR DE DERECHO EL HONORABLE TRIBUNAL AL RESOLVER QUE NO TENÍA FACULTAD EN LEY PARA MODIFICAR ÓRDENES SOBRE EL DESCUBRIMIENTO DE PRUEBA CUANDO LAS MISMAS FUERON DICTADAS POR EL PROPIO HONORABLE TRIBUNAL.

El 22 de diciembre de 2022, la parte recurrida presentó su *Oposición a Certiorari*. Con el beneficio de la comparecencia de ambas partes, procedemos a exponer el derecho aplicable a la controversia ante nos.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario que permite que un tribunal de mayor jerarquía revise las determinaciones[25] de un foro inferior[26]. Esta facultad discrecional de los tribunales apelativos, para expedir o denegar un recurso de *certiorari*, está limitada por la Regla 52.1 de las de Procedimiento Civil de Puerto Rico[27], que establece cuáles asuntos interlocutorios serán revisables.

Esta norma procesal faculta nuestra intervención en situaciones determinadas. En específico, dispone que:

[...]
El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá

---

[25] "[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019).
[26] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).
[27] 32 LPRA Ap. V, R. 52.1.

revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales[28].

Una vez el tribunal apelativo determina que la resolución interlocutoria es revisable según la Regla 52.1, *supra,* procede su evaluación al amparo de otros parámetros. Así pues, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros[29]. Al ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que para ello debemos considerar[30]. Éstos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[28] Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Véase Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

[29] *Véase Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019).

[30] 4 LPRA Ap. XXII-B, R. 40.

Este recurso debe ser utilizado con cautela y por razones de peso[31]. Solo procede "cuando no existe un recurso de apelación o cualquier otro recurso ordinario que proteja eficaz y rápidamente los derechos del peticionario", o en aquellos casos en los que la ley no provee un remedio adecuado para corregir el error señalado[32].

Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[33]. Esta norma de deferencia también aplica a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[34].

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión"[35].

**-B-**

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción[36]. Por ello, antes de entrar en los

---

[31] *Pueblo v. Díaz de León*, 176 DPR 913, 918 (2009).
[32] *Íd.*
[33] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[34] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[35] 32 LPRA Ap. V, R. 52.1.
[36] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

méritos de una controversia, es necesario que nos aseguremos que poseemos la facultad para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos con preferencia[37].

El Tribunal Supremo ha definido la "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[38]. En los casos en que los tribunales carecen de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión[39]. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[40]. La Regla 83 del Reglamento del Tribunal de Apelaciones[41] autoriza a este Tribunal para que, a iniciativa propia o a solicitud de parte, desestime un recurso por falta de jurisdicción.

Conforme a la Regla 31 del Reglamento de este Tribunal, un recurso de *certiorari* "se formalizará mediante la presentación de una solicitud de *certiorari*" en el término provisto por la Ley de la Judicatura de Puerto Rico y por el Reglamento del Tribunal de Apelaciones[42].

Cónsono con lo anterior, la Regla 32 (D), *supra*, establece que, para solicitar la revisión de una resolución del Tribunal de Primera Instancia, la parte que recurra deberá presentar su solicitud "dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida"[43]. Este término es de cumplimiento estricto y solo puede prorrogarse por causa justificada[44].

---

[37] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).
[38] *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).
[39] *Íd.*
[40] *Morán v. Martí*, 165 DPR 356, 364 (2005).
[41] 4 LPRA Ap. XXII-B, R. 83.
[42] 4 LPRA Ap. XXII-B, R. 31.
[43] 4 LPRA Ap. XXII-B, R. 32 (D).
[44] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013).

Un término de cumplimiento estricto, a diferencia de un término jurisdiccional, no es fatal, pues éste puede ser prorrogado por el tribunal y "proveer justicia según lo ameriten las circunstancias"[45]. Sin embargo, este Tribunal no tiene discreción para prorrogar automáticamente un término de cumplimiento estricto[46]. Solamente tenemos discreción para extender el término de cumplimiento estricto, en aquellos casos en que la parte presente una justa causa por su incumplimiento[47].

Para así proceder, el tribunal deberá antes observar el cumplimiento de dos condiciones:

(1) que en efecto exista justa causa para la dilación;
(2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida[48].

Si no se cumplen estas dos condiciones, el tribunal no tendría discreción para extender el término de cumplimiento estricto[49].

No obstante, con respecto a la acreditación de justa causa, el Tribunal Supremo ha señalado que:

[…] [l]a acreditación de justa causa se hace con explicaciones concretas y particulares -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa[50].

Un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de la falta de jurisdicción. Como tal su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo no ha nacido autoridad judicial o administrativa alguna para acogerlo y menos para conservarlo.

---

[45] *Soto Pino v. Uno Radio Group*, supra; *Loperena Irizarry v. E.L.A.*, 106 DPR 357, 360 (1977); véase, además, *Arriaga v. F.S.E.*, 145 DPR 122, 131 (1998).
[46] *Soto Pino v. Uno Radio Group, supra.*
[47] *Soto Pino v. Uno Radio Group, supra*; *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007).
[48] *Soto Pino v. Uno Radio Group, supra*, pág. 93.
[49] *Íd.*
[50] *Soto Pino v. Uno Radio Group, supra*, citando a *Febles v. Romar*, 159 DPR 714, 720 (2003).
[50] *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999).

**-C-**

Reconocemos que los Tribunales de Primera Instancia tienen una gran discreción en el manejo de los procedimientos celebrados en sus salas. En su misión de hacer justicia, la discreción es el más poderoso instrumento reservado a los jueces[51]. En el ámbito del desempeño judicial, la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del derecho; ciertamente, esto constituiría un abuso de discreción. La discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera[52]. Tal conclusión justiciera deberá estar avalada por el convencimiento del juzgador de que la decisión tomada se sostiene en el estado de derecho aplicable a la cuestión planteada. Ese ejercicio constituye "la razonabilidad" de la sana discreción judicial[53].

En el contexto de esa doctrina, debemos tener presente el alcance de nuestro rol como foro apelativo al intervenir precisamente con la discreción judicial. Es norma reiterada que este foro no habrá de intervenir con el ejercicio de la discreción del Tribunal de Instancia, salvo en caso de "un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial"[54].

Nuestras Reglas de Procedimiento Civil[55], establecen varios mecanismos para permitir a las partes descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio. Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir

---

[51] *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981).
[52] *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657-658 (1997).
[53] *Negrón v. Srio. De Justicia,* 154 DPR 79, 91 (2001).
[54] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[55] 32 LPRA Ap. V.

toda la información relacionada con su caso, independientemente de quién la posea. Las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia. En esencia, su finalidad es permitir que las partes puedan prepararse para el juicio, de forma tal que tengan la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso[56].

La Regla 23.1 de Procedimiento Civil[57], establece el alcance del descubrimiento de prueba. En lo pertinente, señala lo siguiente:

> Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

La aludida regla expone el criterio de pertinencia al asunto en controversia, lo que debe enmarcarse en la búsqueda de la verdad, así como en la deseabilidad de que el alcance del descubrimiento de prueba sea uno amplio y liberal, de manera que se logren soluciones justas, rápidas y económicas a las controversias existentes entre las partes[58].

El Tribunal de Primera Instancia tiene amplia discreción para pautar el procedimiento sobre el descubrimiento de prueba que se va a seguir[59]. En consideración a lo anterior, el tribunal viene

---

[56] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 151-152, (2000).

[57] *Supra*, R. 23.1.

[58] *Berríos Falcón v. Torres Merced*, 175 D.P.R. 962, 971 (2009); *Rodríguez v. Syntex*, 160 DPR 364, 394 (2003); *Lluch v. España Service Sta.*, *supra*, pág. 744.

[59] *Berríos Falcón v. Torres Merced, supra*, pág. 971; *Vellón v. Squibb Mfg., Inc.,* 117 DPR 838, 849 (1986).

obligado a cumplir con la máxima de llevar a cabo un proceso justo para las partes, asumiendo un rol activo en el mismo y como tal tiene discreción para limitar o extender el alcance para descubrir prueba. Como norma general, también tiene el tribunal poderes específicos de supervisión a través de los mecanismos particulares de descubrimiento de prueba y el poder para sancionar a la parte que es compelida y se rehúsa a cumplir las órdenes dirigidas a descubrir prueba. Regla 34.3 de Procedimiento Civil[60],

La precitada regla confiere amplia discreción al tribunal para castigar de diversas formas la negativa a cumplir una orden. Dicho precepto autoriza al tribunal a, entre otras medidas, imponer sanciones económicas, eliminar las alegaciones de las partes, desestimar parte o la totalidad de una reclamación, imponer desacato, eliminar defensas, o prohibir la presentación de determinada materia en evidencia. Sin embargo, ese proceder de desestimar una demanda o eliminar las alegaciones de una parte se debe ejercer juiciosa y apropiadamente[61].

**III.**

En su recurso, la parte peticionaria nos solicita la revisión de una minuta y dos órdenes independientes dictadas por el TPI. Mediante el primer señalamiento de error, la parte peticionaria adujo que cometió error al imponerle una sanción económica de $3,000.00 por alegadamente incumplir con el deber de descubrir prueba, esto a través de la Minuta del 24 de agosto de 2022, transcrita el 29 de agosto de 2022.

Surge del expediente que, el 17 de junio de 2022, el TPI notificó[62] a los representantes legales de cada parte el señalamiento de vista a celebrarse el 3 de agosto de 2022. Llegado el día del

---

[60] *Supra,* R. 34.3; *Granados v. Rodríguez Estrada II,* 124 DPR 593, 612 (1989).
[61] *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982).
[62] Véase, Entrada Núm. 45 del SUMAC.

señalamiento, el representante legal de la parte peticionaria no compareció. No obstante, ese mismo día, se coordinó con los dos representantes legales la fecha de la próxima vista, la cual fue señalada para el 24 de agosto de 2022. El 11 de agosto de 2022, el foro primario notificó a los representantes legales de las partes la *Minuta* de la vista, en la cual dispuso lo siguiente:

> Se impone una sanción de $300.00 al licenciado Nelson Rivera Cabrera a ser pagados a favor de la parte demandante (la Lcda. Maribel Vidal Valdés) en el término perentorio de 5 días so pena de mayores sanciones por el reiterado incumplimiento tanto al descubrimiento de prueba como a las órdenes del Tribunal[63].

El 24 de agosto de 2022, día señalado para celebrarse la vista, nuevamente el representante legal de la parte peticionaria no compareció ante el TPI. Ante dicha incomparecencia, el foro primario ordenó lo siguiente:

> Conforme a lo discutido, el Tribunal dispone lo siguiente:
> • Se impone $3,000 de sanciones a favor de la demandante a ser resarcidos en el período de 10 días perentorios, so pena de mayores sanciones.
>
> [...]
>
> • **Se ordena notificar la minuta al licenciado Rivera y a los demandados.**

[...]"[64]. (Énfasis nuestro).

Tras un examen del expediente, colegimos que, la *Minuta* de la vista celebrada el 24 de agosto de 2022, transcrita el 29 de agosto de 2022, no fue firmada por la jueza del TPI. La Regla 32(b)(1) del Reglamento para la Administración del Tribunal de Primera Instancia[65], define las "minutas" del modo siguiente:

> La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. [...] La minuta no será notificada a las partes o a sus abogados, **salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes**. La Secretaria, custodia del expediente, podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda. (Énfasis y subrayado nuestro).

---

[63] Véase Entrada Núm. 98 del SUMAC.
[64] Véase Entrada Núm. 99 del SUMAC.
[65] 4 LPRA Ap. II-B, R. 32(b)(1).

En *Sánchez et als. vs. Hosp. Dr. Pila et als.*[66], el Tribunal Supremo de Puerto Rico dispuso que:

> [U]na notificación verbal en corte abierta de una determinación interlocutoria del Tribunal de Primera Instancia en un caso civil no constituye la notificación que se requiere para activar el plazo dispuesto por ley para interponer una moción de reconsideración o un recurso de "certiorari" ante el Tribunal de Circuito. **La notificación que activa estos términos tiene que constar por escrito y dicho escrito tiene que ser notificado a las partes.** (Énfasis y subrayado nuestro).

Cuando la determinación de un juez consta en una minuta, es su notificación por escrito lo que activa el término para recurrir a este tribunal de Apelaciones[67]. Nótese, además, que una minuta sólo se convierte en un dictamen judicial cuando lleva estampada la firma del juez que emitió la orden o resolución. Sin esa firma, "la minuta solo recoge la impresión del funcionario o funcionaria de sala que la preparó, lo que no necesariamente va a coincidir con lo que en verdad se resolvió en corte abierta[68]."

De una revisión del expediente ante nuestra consideración se desprende que la Minuta que la parte peticionaria pretende revisar no contiene la firma de la jueza a cargo de los procedimientos, sino únicamente lleva la firma de la Secretaria de Servicios a Sala. Ante esas circunstancias, no nos encontramos ante un dictamen judicial revisable por este Tribunal. Así pues, este tribunal carece de jurisdicción para atender este error por ser uno prematuro.

En su segundo señalamiento de error, la parte peticionaria alegó que el foro primario incidió al no resolver como cuestión de umbral un planteamiento de impugnación de capacidad de la representación legal de la parte recurrida.

Conforme surge del trámite procesal antes consignado, el 8 de septiembre de 2022, la señora Espinet Cabrera presentó una *Moción*

---

[66] 158 DPR 255, 262 (2002).
[67] *Sánchez et als. v. Hosp. Dr. Pila et als.*, *supra*.
[68] Véase, *El Pueblo de Puerto Rico v Ríos Nieves*, 209 DPR 264, (2022).

*por derecho propio*[69] en la que solicitó la descalificación de la representante legal de la parte recurrida. El 11 de octubre de 2022, la parte recurrida presentó *Réplica y Oposición Respecto a Moción por Derecho Propio radicada por Daisy Espinet Cabrera-Demandada*[70]. Por su parte, el 12 de octubre de 2022, el TPI emitió y notificó una Orden en la que dispuso: "*Enterado*". Por ende, la *Moción por derecho propio*[71], así como la moción presentada por la parte recurrida, *Réplica y Oposición Respecto a Moción por Derecho Propio radicada por Daisy Espinet Cabrera-Demandada*, aún no han sido resueltas por el foro primario. Solo cuando el TPI emita una decisión sobre el particular y disponga definitivamente de dicho petitorio, es que comenzarán a transcurrir los plazos de los procedimientos, por lo que solo entonces esta Curia poseerá jurisdicción sobre la causa de autos. En consecuencia, la controversia traída ante nuestra atención es una prematura y este foro carece de jurisdicción para atender el asunto.

Por último, en su tercer señalamiento de error, la parte peticionaria sostiene que erró el TPI al no modificar las órdenes sobre descubrimiento de prueba y permitir que se continúen causando daños y perjuicios a las operaciones del restaurante Isabela La Trattoria, Corp.

Ciertamente, de ordinario, las determinaciones discrecionales del foro primario, relacionadas con el manejo del caso merecen nuestra deferencia, a menos que se demuestre que la determinación tomada por el foro primario fue irrazonable, abusó de su discreción o incurrió en un menoscabo a la justicia. Examinado el recurso de *certiorari* presentado por la parte aquí peticionaria y los documentos que obran en el expediente, concluimos que el TPI no abusó de su

---

[69] Véase Apéndice XXIV de la *Oposición a Certiorari.*
[70] Véase, Entrada Núm. 137 del SUMAC.
[71] Véase Apéndice XXIV de la *Oposición a Certiorari.*

discreción ni su decisión fue contraria a derecho. No cabe duda de que los tribunales conservan amplia discreción para regular el descubrimiento de prueba y así poder cumplir con su obligación de "garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes"[72]. Por tanto, determinamos que el tercer error no fue cometido y por ello, confirmamos la *Orden* emitida y notificada por el TPI el 30 de septiembre de 2022.

**IV.**

**Por los fundamentos antes expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción por prematuro en cuanto a la *Minuta* del 24 de agosto de 2022 y la *Orden* emitida del 12 de octubre de 2022. En relación con la *Orden* del 30 de septiembre de 2022, expedimos el auto de *certiorari* y confirmamos la determinación recurrida.**

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[72] *Martínez Rivera v. Tribunal Superior*, 85 DPR 1, 13 (1962).